UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

TIMOTHY WEST,

                      Plaintiff,

           v.

JUDGE BARRY KRON, ASSISTANT DISTRICT ATTORNEY TARA DIGREGORIO, GARY F. MIRET, DETECTIVE JOHN RUSSO, CASE MANAGER SHANTEL RANKIN, JUDGE PETER E. VALLONE, and P.S.C.H. HOUSING,

                      Defendants.

**MEMORANDUM AND ORDER**
18-CV-753 (LDH) (SJB)

---

L<small>A</small>SHANN D<small>E</small>ARCY HALL, United States District Judge:

    Plaintiff Timothy West, proceeding pro se, brings the instant action against Defendant Detective John Russo asserting a claim pursuant to 42 U.S.C. § 1983 for a violation of his Fourth Amendment right against unreasonable searches and seizures.[1] Defendants move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint in its entirety.

## BACKGROUND[2]

    Plaintiff suffers from mental illness. (Pl.'s Opp. Defs.' Mot. Dismiss ("Pl.'s Opp.") 3, ECF No. 40-8.) At all times relevant to this action, Plaintiff was a tenant at P.S.C.H. Housing paying $1,005 per month. (Am. Compl., ECF No. 29-1, at 2.) On January 31, 2017, at 5:38

---

[1] Plaintiff also asserts a § 1983 against case Manager Shantel Rankin and P.S.C.H. Housing. P.S.C.H. Housing was served the complaint on September 24, 2019. (ECF No. 39.) Plaintiff failed to provide an address to serve Rankin, and failed to follow the Magistrate Judge Bulsara's guidance in how Plaintiff may ascertain her address, and as a result, she was never served. (ECF No. 35.) In any event, any motion for default judgment against P.S.C.H. Housing or Rankin would fail for the same reasons as stated in this memorandum and order. Accordingly, Plaintiff is ordered to show cause within thirty (30) days as to why the case should not be dismissed against Rankin and P.S.C.H. Housing. Failure to respond will result in dismissal of the case against them for failure to prosecute.

[2] The following facts are taken from the complaint, the amended complaint, and Plaintiff's opposition papers, and are assumed to be true for purposes of deciding the instant motion. *See Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir.2013) ("A district court deciding a motion to dismiss may consider factual allegations made by a pro se party in his papers opposing the motion."); *Aponte v. Buono*, No. 11-CV-1077 CBA MDG, 2011 WL 6812924, at *3 (E.D.N.Y. Dec. 28, 2011) (considering new facts alleged in a pro se plaintiff's opposition papers on a motion to dismiss as the new factual allegations "effectively amended" complaint). Citations to the complaint and amended complaint refer to the pagination assigned by the Court's ECF system.

p.m., Plaintiff was arrested for burglary in the second degree under New York Penal Law 140.25-2. (Complaint ("Compl."), ECF No. 1, at 3, 7-8.)

On February 1, 2017, Detective Russo contacted P.S.C.H. Housing regarding a pending investigation. (Am. Compl. at 2.) Subsequently, Detective Russo visited P.S.C.H. Housing where he met Plaintiff's case manager Shantel Rankin and was granted permission to search Plaintiff's room. (*Id*. at 3; Compl. at 4.) Plaintiff alleges that Detective Russo did not show any warrant prior to entering Plaintiff's room, despite having ample opportunity to do so because Plaintiff remained in custody since his January 31 arrest. (*Id*.)

Some of the items recovered during this search were later used as evidence to secure Plaintiff's conviction. (Compl. at 4, 9-10; Pl.'s Opp. 3-4.). According to Plaintiff, "2 bracelets, 10 pairs of earrings, 3 chians [sic] with medallions, and 3 tennis bracel[e]ts[,] and 1 diamond ruby pinky ring" were also removed from Plaintiff's room during the search. (Am. Compl. at 3.) Those items were "not part of the investigation and vouchered." (*Id*.) According to Plaintiff, the search warrant authorizing the search was not issued until February 2, 2017, at 11:30 a.m., after the search had already been conducted. (Compl. at 3-4.)

Plaintiff notified his attorney, the assistant district attorney, and the judge overseeing his criminal case of the purportedly unlawful search; and filed a motion to suppress all physical evidence obtained pursuant to that search. (*Id*. at 4, 6-8.) Plaintiff does not know if Rankin was advised of her right to refuse the search of his bedroom. (Pl.'s Opp. 3.)

## STANDARD OF REVIEW

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a

2

"reasonable inference" of a defendant's liability for the alleged misconduct. *Id*.  While this standard requires more than a "sheer possibility" of a defendant's liability, *id*., "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999).  Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true." *Id*. (citations omitted).

Moreover, where, as here, a plaintiff is proceeding pro se, his pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)).  A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 55 U.S. 89, 94 (2007) (per curiam)).

This rule is "particularly so when the pro se plaintiff alleges that [his] civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)).  Still, "even pro se plaintiffs asserting civil right[s] claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555).

## DISCUSSION

Defendant contends that Plaintiff's Fourth Amendment violation claim, and any other claim stemming from his conviction, is barred by the favorable termination rule established by

the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994). (Def. Russo's Mem. L. Supp. Mot. Dismiss Am. Compl. ("Def.'s Mem.") 4-6.) The Court agrees.

In *Heck*, the Supreme Court established the now-settled rule that "in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" 512 U.S. at 486–87. Since *Heck*, courts have routinely dismissed claims brought under § 1983 as barred where success on the plaintiff's claim would implicate his or her underlying conviction, and the plaintiff failed to demonstrate that the relevant conviction had been set aside.

In *Warren v. Fischl*, for example, the plaintiff filed suit against individual police officers and various Nassau County agency defendants alleging that his arrest, indictment, and conviction improperly resulted from a violation of his constitutional right to be free from unreasonable searches and seizures. 674 Fed. App'x. 71, 72 (2d Cir 2017). In affirming the district court, the Second Circuit found that dismissal was appropriate because success on the plaintiff's claims, which were premised on an alleged conspiracy by the defendants to fabricate evidence and testimony against the plaintiff would necessarily "demonstrate the invalidity of [the plaintiff's] conviction." *Id.* at 73. This, the court concluded, would run afoul of the favorable termination rule articulated in *Heck*.[3] *Id.* The same is true in this case.

---

[3] *See also Peay v. Ajello*, 470 F.3d 65, 68 (2d Cir 2006) (finding that the plaintiff's claims against one defendant were not cognizable because the plaintiff's allegations, if proven, would render his conviction invalid, and the plaintiff failed to show that his conviction was reversed or declared invalid.); *Daley v. Bratton*, 416 F. Supp. 3d 215, 219 (E.D.N.Y. 2016) (dismissing the plaintiff's § 1983 claim on the grounds that the plaintiff's allegations "d[id] not comport with the favorable termination rule"); *Purnell v. Scarglato*, 409 F. Supp. 3d 54, 57 (finding, on a motion for summary judgment, that the plaintiff's claim was not cognizable where the plaintiff failed to demonstrate that his state court conviction had been reversed, declared invalid, or called into question.).

Here, Plaintiff's Fourth Amendment claim is predicated on Detective Russo's warrantless search of Plaintiff's bedroom, which recovered items later used as evidence to secure Plaintiff's conviction. (Compl. 4, 9-10; Am. Compl. 3; Pl's Opp. 3-4.) A finding by this Court in Plaintiff's favor would therefore necessarily implicate Plaintiff's underlying conviction, which Plaintiff has failed to allege has been set aside or called into question by any federal court. That Plaintiff's allegations identify items seized in the search but not used as evidence against him does not change the outcome here because any determination on the propriety of the search would impermissibly implicate Plaintiff's underlying conviction. Plaintiff's claim is therefore barred under *Heck*.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the complaint in its entirety is GRANTED.

SO ORDERED.

Dated: Brooklyn, New York
      November 25, 2020

/s/ LDH
L<small>A</small>SHANN D<small>E</small>ARCY HALL
United States District Judge